# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES R. FRYE,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1081**  (BOR Appeal No. 2050455)
                    (Claim No. 2014022480)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner James R. Frye, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Jillian Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 7, 2015, in which the Board affirmed an April 20, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 8, 2014, decision suspending Mr. Frye's temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Frye injured his lower back on January 30, 2014, while carrying materials used to contain an oil spill. He filed an application for workers' compensation benefits and his claim was held compensable for a lumbosacral sprain. Additionally, the claims administrator determined that he was initially eligible for temporary total disability benefits from February 4, 2014,

1

through February 17, 2014.[1] Following the compensable injury, Mr. Frye received treatment from Allen Young, M.D., who prescribed a course of physical therapy. On June 9, 2014, Dr. Young documented in a treatment note that Mr. Frye's lower back symptoms were recently exacerbated during a physical therapy session, during which Dr. Young believed an inexperienced physical therapist over-manipulated Mr. Frye's spine.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on June 26, 2014, and authored a report memorializing his findings on June 27, 2014. He opined that Mr. Frye has reached maximum medical improvement with respect to the compensable injury, and further opined that Mr. Frye can return to work without restrictions. Dr. Mukkamala also opined that Mr. Frye suffers from pre-existing degenerative spondyloarthropathy that was documented via diagnostic imaging, which has delayed his recovery.

On July 29, 2014, Dr. Young submitted a request for authorization of temporary total disability benefits in which he indicated that Mr. Frye was temporarily totally disabled from July 15, 2014, through September 15, 2014. The claims administrator suspended Mr. Frye's temporary total disability benefits on August 8, 2014, following its June 25, 2014, letter indicating that Mr. Frye must provide medical evidence of his ongoing disability within thirty days in order to continue to be eligible to receive temporary total disability benefits. In its Order affirming the August 8, 2014, claims administrator's decision, the Office of Judges held that the claim was properly closed for temporary total disability benefits. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 7, 2015. On appeal, Mr. Frye asserts that the evidence of record demonstrates that he is entitled to additional temporary total disability benefits.

West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. As was noted by the Office of Judges, Dr. Mukkamala found that Mr. Frye had reached maximum medical improvement with respect to the compensable injury as of June 26, 2014, even when taking into consideration the alleged exacerbation of Mr. Frye's condition which occurred during a physical therapy session in early June of 2014. Because Dr. Mukkamala found that Mr. Frye had reached maximum medical improvement more than one month prior to the claims administrator's suspension of Mr. Frye's temporary total disability benefits, pursuant to West Virginia Code § 23-4-7a Mr. Frye is not entitled to further temporary total disability benefits.

---

[1] The record is unclear regarding the duration of any additional temporary total disability benefits that Mr. Frye may have received, although it does appear that he did receive additional temporary total disability benefits beyond those initially awarded.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II